**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RAHSON STAPLES,**
      **Plaintiff,**
v.
                 9:17-cv-0703
                 (TJM/TWD)
**JOE PATANE, COLLEEN COPPOLLA,**
**and PATRICK COLLVER,**
      **Defendants.**

---

**THOMAS J. MCAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

  Plaintiff Rahson Staples, a former inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights while incarcerated at Marcy Correctional Facility. Dkt. Nos. 1, 24. Remaining Defendants in this action are Joe Patane, a custodial maintenance instructor; Colleen Coppolla, a nurse administrator; and Patrick Collver, a senior counselor in the Residential Substance Abuse Treatment program. Dkt. No. 27. Plaintiff's remaining claims are for Eighth Amendment conditions of confinement against Patane and Coppolla, and First Amendment retaliation against Patane and Collver. Dkt. Nos. 24, 27.

  The case was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). On August 8, 2018, Defendants moved for summary judgment, asserting that the remaining claims must be dismissed because Plaintiff failed to exhaust his administrative

1

remedies with regard to these claims.  Dkt. No. 46.  Plaintiff had until September 4, 2018 to respond to the motion, but failed to submit any opposition.  Magistrate Judge Dancks then *sua sponte* extended Plaintiff's time to file a response to the motion until October 2, 2018, Dkt. No. 48 (Text Order), but again he failed to submit any opposition.

After reviewing the unopposed summary judgment motion, Magistrate Judge Dancks recommends that it be granted in part and denied in part. Ord. & Rep.-Rec., Dkt. No. 51, at 19.  In this regard, Magistrate Judge Dancks recommends that Defendants' motion for summary judgment be denied as to Plaintiff's claims against Defendants Patane and Coppolla without prejudice and with the opportunity to renew by way of a second motion for summary judgment or exhaustion hearing, *id.* at 11, 19, and be granted as to Plaintiff's First Amendment retaliation claim against Defendant Collver with the claim being dismissed without prejudice. *Id.* at 18, 19.  No objections to the Order and Report-Recommendation have been filed, and the time to do so has expired.  But, as the Court learned on February 19, 2019, Plaintiff apparently passed away on November 5, 2018.  *See* Suggestion of Death, Dkt. No. 53.

While the Court understands that it has the authority to substitute a "proper party" for Plaintiff if a timely motion is made "by any party or by the decedent's successor or representative," Fed. R. Civ. P. 25(a)(1), the Court will exercise its discretion and review this matter as if a general objection has been lodged to the Order and Report-Recommendation. Under such circumstances, the Court reviews the summary judgment motion *de novo*.  See 28 U.S.C. § 636(b)(1).  The reasons for proceeding in this manner are twofold.  First, Plaintiff apparently passed away a month after his time to respond to the motion expired but

2

he submitted no opposition, providing some indication that he abandoned the claims still in issue in this case. Second, substitution under Rule 25(a)(1) is possible only if at least one of Plaintiff's claims is "not extinguished." Fed. R. Civ. P. 25(a)(1). A ruling on the pending motion provides a basis to determine whether Rule 25(a)(1) substitution is possible, and, if it is, provides a basis for a potential substitute party to make an informed decision about entry into the case.

Having considered the record *de novo*, the Court **ACCEPTS** and **ADOPTS** the recommendations contained in the Order and Report-Recommendation (Dkt. No. 51) for the reasons stated therein. It is therefore **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 46) is **GRANTED in part and DENIED in part** as follows: (1) it is **DENIED** as to claims against Defendants Patane and Coppolla without prejudice and with the opportunity to renew by way of a second summary judgment motion or exhaustion hearing, and (2) it is **GRANTED** as to Plaintiff's First Amendment retaliation claim against Defendant Collver, which is **DISMISSED without prejudice**.

The Court Clerk may terminate Defendant Collver from this action. The matter is referred to Magistrate Judge Dancks to determine whether the action should proceed under Rule 25(a)(1). *See* Fed. R. Civ. P. 25(a)(1) ("If [a motion for substitution] is not made within 90 days after service of a statement noting the death, the action by . . . the decedent must be dismissed.").

**IT IS SO ORDERED**.

Dated: February 20, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

3