UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAHSON STAPLES aka RASHON STAPLES,

                        Plaintiff,

v.                                              9:17-CV-00703
                                                 (TJM/TWD)

D. DEYO, et al.,

                        Defendants.
_____

APPEARANCES:                            OF COUNSEL:

RAHSON STAPLES
Plaintiff pro se
681 Albany Avenue
Brooklyn, New York 11203

HON. LETICIA JAMES                SHANNON COLLIER KRASNOKUTSKI, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# REPORT - RECOMMENDATION

      Plaintiff commenced this prisoner's civil rights action on June 29, 2017.  (Dkt. No. 1.) After an Amended Complaint (Dkt. No. 24) was filed and served, Defendants filed an Answer to the Amended Complaint.  (Dkt. No. 36.)  A Discovery Order was issued (Dkt. No. 38) and discovery ensued.  (Dkt. No. 45.)  Defendants then moved for summary judgment (Dkt. No. 46), which was granted in part, and denied in part.  (Dkt. Nos. 51, 54.)  Plaintiff's death was suggested on the record by a notice filed by the Office of the New York State Attorney General on February 19, 2019.  (Dkt. No. 53.)  Thereafter, on February 20, 2019, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Court issued a Text Order notifying the

parties that a motion for substitution of the deceased party may be made by any party or by the decedent's successor, and if such motion was not made within ninety days after service of the statement noting death (Dkt. No. 53), the action by the decedent must be dismissed. (Dkt. No. 55.)

After numerous mailings to the Plaintiff were returned to the Court as undeliverable (Dkt. Nos. 57 - 61), the Court directed Defendants to file a status report setting forth the basis for the filing of the suggestion of death. (Dkt. No. 62.)  On June 3, 2019, Defendants filed the status report which showed through the records of the New York State Parole Brooklyn Area I Office submitted to the Court that Plaintiff was deceased. (Dkt. Nos. 63, 63-1.)  Thereafter, further mail to the Plaintiff from the Court was returned as undeliverable. (Dkt. No. 64.)

Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed for the substitution of parties upon the death of a party.  The rule provides that a "motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. Proc. 25(a)(1).  If no such motion is filed within ninety days "after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*.

Here, Defendants served Plaintiff with the Suggestion of Death by mail on February 19, 2019, and filed it with the Court. (Dkt. No. 53.)  The Court then provided an opportunity for substitution of the deceased party to be made in a timely fashion. (Dkt. No. 55.)  More than ninety days have passed since the Suggestion of Death notification was filed and served.  No person has filed a motion for substitution or requested an extension of time to file a motion for substitution.  Therefore, the Court recommends this case be dismissed since the Plaintiff is deceased and no motion for substitution of Plaintiff has been made by any party or by the deceased Plaintiff's successor or representative.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that this case be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[1] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: October 22, 2020
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).