UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAHSON STAPLES a/k/a RASHON STAPLES,

                              **Plaintiff,**

v.                                                                   9:17-CV-00703

D. DEYO, et al.,

                              **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Rahson Staples, a/k/a Rashon Staples, commenced this civil rights action pro se seeking relief for the violations of his constitutional rights arising out of his confinement at Marcy Correctional Facility. (Dkt. No. 1.) As the Court indicated when addressing Plaintiff's motion to proceed in forma pauperis, Plaintiff was confined in the custody of the Department of Corrections and Community Supervision ("DOCCS") under identification number 14-R-1321 until January 9, 2017, when he was released to parole supervision. *See* http://nysdoccslookup.doccs.ny.gov. The docket in this matter lists Plaintiff's address as 681 Albany Avenue, Brooklyn, NY 11203. Discovery ensured in this case, an amended complaint was filed, and Defendants' motion for summary judgment was granted in part and denied in part (Dkt. Nos. 51, 54). Plaintiff's death was suggested on the record by a notice filed by the Office of the New York State Attorney General on

1

February 19, 2019. (Dkt. No. 53.) Thereafter, on February 20, 2019, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Hon. Thérèse W. Dancks, United States Magistrate Judge, issued a Text Order notifying the parties that a motion for substitution of the deceased party may be made by any party or by the decedent's successor, and if such motion was not made within ninety days after service of the statement noting death (Dkt. No. 53), the action by the decedent must be dismissed. (Dkt. No. 55.)

After numerous mailings to the Plaintiff were returned to the Court as undeliverable (Dkt. Nos. 57 - 61), Judge Dancks directed Defendants to file a status report setting forth the basis for the filing of the suggestion of death. (Dkt. No. 62.) On June 3, 2019, Defendants filed the status report which showed through the records of the New York State Parole Brooklyn Area I Office submitted to the Court that Plaintiff was deceased. (Dkt. Nos. 63, 63-1.) Thereafter, further mail to the Plaintiff from the Court was returned as undeliverable. (Dkt. No. 64.)

Judge Dancks has issued a Report-Recommendation recommending that this case be dismissed in its entirety. (Dkt. No. 65). As Judge Dancks explains, Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed for the substitution of parties upon the death of a party. The rule provides that a "motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. Proc. 25(a)(1). If no such motion is filed within ninety days "after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Judge Dancks recommends this case be dismissed since the Plaintiff is deceased and no motion for substitution of Plaintiff has been made by any party or by the deceased Plaintiff's successor or

representative. (Dkt. No. 65.)

No objection to the recommendation has been filed, and the time to do so has expired. Further, no motion for substitution of Plaintiff has been made by any party or by the deceased Plaintiff's successor or representative since Judge Dancks made her recommendation.

## II. DISCUSSION

After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.

## III. CONCLUSION

Accordingly, the Court **ACCEPTS** and **ADOPTS** the Report-Recommendation (Dkt. No. 65) for the reasons stated therein. This case is **DISMISSED IN ITS ENTIRETY**.

**IT IS SO ORDERED.**

Dated:   August 13, 2021

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge